

**SIGNED this 02 day of June, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE<br>ANDREW F. HUFFMEYER<br>*DEBTOR* | BANKR. CASE NO.<br>04-55763-C<br>CHAPTER 7 |
| MULBERRY UNITED METHODIST CHURCH, ET AL.<br>*PLAINTIFFS*<br>V.<br>ANDREW F. HUFFMEYER<br>*DEFENDANT* | ADV. NO. 05-5006-C |

**DECISION ON DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT**

CAME ON for consideration the foregoing matter. The court deems the motion to be one seeking new trial, pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, as a motion for judgment notwithstanding the verdict is a pleading more appropriate to a case tried to a jury. *See* FED.R.CIV.P. 50(b) & Advisory Committee Note (1963 Amendment). This case was tried to the bench. Rule 59 is the appropriate pleading vehicle, and the pleading will be so treated.

>Rule 9023 (incorporating Rule 59 of the Federal Rules of Civil Procedure)
>
>offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances [and] unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original; internal citations and quotations omitted). As Judge Posner puts it, a "motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him." *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (internal quotations omitted). The court has "considerable discretion in deciding . . . Rule 59(e) [motions]." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

### 1. Pendency of criminal proceedings.

Defendant first maintains that the case should not have proceeded until the criminal action against the defendant had first been tried. Defendant says that he was placed in the difficult position of having to assert his 5th Amendment right to be free from self-incrimination in this civil action. Defendant cites no authority for this proposition.

There is a narrow line of authority that permits a federal court presiding over the *criminal* action to *enjoin* the pursuit of a civil action. *See, e.g.*, *United States v. Simon*, 373 F.2d 649, 652 (2nd Cir. 1967). Even that authority, however, has been strictly confined. The party seeking the injunction from the criminal court must show that the conduct of the civil action would interfere with the trial of the criminal matter, and must be balanced against the legitimate interests of the plaintiff in the civil action. *Id.*. The *Simon* decision, incidentally, involved a civil action brought

by a trustee in a bankruptcy case. The Second Circuit reversed the lower criminal court's injunction against the trustee's taking certain depositions needed to complete a long-standing bankruptcy reorganization. *Id.* Said the court, "[w]e cannot agree that civilized standards of procedure and evidence require that a witness under indictment be given the option of nonappearance in any proceeding in related civil or criminal cases until his own trial is concluded." *Id.,* at 653.

Tacit in the defendant's contention is the concern that, by having to invoke the privilege, the defendant was prevented from presenting evidence which, from his point of view, he believes would have exonerated him from liability. But that contention fails as a matter of law. As the bankruptcy court in *Adelphia* cogently explained,

> Because litigants do not have a right to discovery of privileged matters, such litigants, even if deprived of key facts through an opposing party's assertion of the Fifth Amendment, often have no recourse in the civil litigation other than to comment upon the claim of privilege in the hope of persuading the trier of fact to draw a negative inference. At the same time, however – and as is highly relevant to the pending motion for summary judgment – an invocation of the Fifth Amendment is not a substitute for relevant evidence, and a litigant claiming the privilege is not freed from adducing proof in support of a burden which would otherwise have been his.

*In re Adelphia Communications Corp.*, 317 B.R. 612, 626 (Bankr. S.D.N.Y. 2004) (internal quotes and citations omitted), *citing and quoting United States v. Rylander*, 460 U.S. 752, 758, 761, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). Added Judge Gerber, "[t]hus, though a litigant in a civil action is entitled to avoid answering questions that might lead to self-incrimination, this entitlement often conflicts with the litigant's interest in testifying and obtaining whatever benefits such testimony might provide."

The state court handling the criminal action never asked that this court stay its hand in this civil matter, indicating that the progress of this action was no impediment to the criminal action.

3

The defendant in this case did not bear the burden of proof on the action being brought, though he did bear the burden of coming forward with evidence to rebut the *prima facie* case made out by plaintiff. The criminal action, and the defendant's attendant desire to assert his privilege under the Fifth Amendment, may have hampered the defendant in presenting his best case (due to his having to invoke his privilege against self-incrimination), but that is not cause for not proceeding with the case, as the *Adelphia* court succinctly explained.

The defendant is, in essence, re-urging a continuance of his trial by the device of seeking a new trial. The defendant also urged a motion for continuance in August 2005, which was considered and rejected. With regard to such continuances, one court commented as follows:

> [T]here is no constitutional requirement that a civil case be stayed or continued pending completion of the criminal proceeding. *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).
>
> ... the Court must balance the rights of the parties in determining whether a stay of the civil proceedings should be entered. *See Afro-Lecon, Inc. v. U.S.*, 820 F.2d 1198, 1206 (Fed.Cir.1987). In performing this balancing test, the Court must weigh the strong interest of the individual who is the subject of the concurrent proceedings against any possible prejudice to the opposing party which may result from a delay in the civil proceedings.

*In re Good*, 131 B.R. 121, 124 (Bankr. N.D.Iowa 1990). This court, consistent with *In re Good*, did weigh the relative rights of the parties in its conclusion to proceed when it first considered (and denied) the motion for continuance in August 2005. In all events, the trial of this matter *had* been continued for other reasons, including a joint request by both parties in December 2005 as the parties pursued a possible settlement. As a result, the trial was delayed until April 2006. The defendant made no further request for continuance on the grounds alleged in the August 2005 motion. Though this adversary proceeding was filed in April 2005, it relates to state court litigation that was commenced in late 2003. The plaintiff in this action is a small Methodist church in rural Indiana,

with limited resources. The defendant filed this bankruptcy case initially under chapter 11, without counsel, and the case foundered under that chapter until, finally, the case was converted for the inability of the debtor to ever formulate a plan. As a result, the plaintiff has already suffered a great deal of delay in getting its day in court, in no small part due to the dilly-dallying of the debtor in his prosecution of his chapter 11 case.

The court was well-justified when it first denied the defendant's motion for continuance in August 2005. It is safely justified in rejecting the contention again, re-urged as grounds for retrial of this case. *See* FED.R.CIV.P. 59(a); *see also United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

**2. Medical problems**

Defendant also seeks a new trial for the same reasons urged in a motion for continuance filed by the defendant in the midst of trial. The defendant appeared on the first day of trial. On the second day of the trial, when he was scheduled to be called as a witness (at which point he would certainly have invoked his Fifth Amendment privilege), the defendant was absent.[1] Through his lawyer, he offered, as grounds for his non-appearance, a last-minute excuse from a doctor that lacked credibility (for reasons that need not be recited again here). In this motion for retrial, the

---

[1] The mere invocation of the privilege would not have relieved the defendant from testifying at all. Instead, the court would have had to have ruled on each invocation to determine whether the particular question posed in fact raised the prospect of self-incrimination. *See In re Corrugated Container Antitrust Litigation*, 620 F.2d 1086, 1091-92 (5th Cir. 1980). The Fifth Circuit there explained that

> ... a court must ordinarily make two inquiries to determine whether a witness is entitled to assert the privilege and refuse to respond to questioning. First, the court must determine whether answers to the questions might tend to reveal that the witness has engaged in criminal activities. If the answers could not be incriminatory, the witness must answer. *Zicarelli v. New Jersey State Commission of Investigation*, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972). If answering the questions might incriminate the witness, the court must next ask whether there is a risk, even a remote risk, that the witness will be prosecuted for the criminal activities that his testimony might touch on.

*Id.*

defendant in effect re-urges the same argument, as though the court had not already ruled on those grounds already. The defendant offers no new reasons for the court to reconsider its earlier ruling – no legal authorities, no new arguments, and certainly no new facts that were not already adduced at trial. The court rejected the defendant's motion for continuance then. The court rejects it again now, though it be re-clothed as a motion for new trial. *See Matter of Reese*, *supra*; *Kona Enterprises*, *supra*.

### 3. Settlement

The defendant continues to maintain that "a settlement had been entered into between the Parties." Defendant acknowledges that this settlement was subject to approval of the court and further subject to potential objection by creditors (and the trustee). Defendant says that a settlement "appeared reachable within a matter of days, when the matter went to trial."

The fact that parties might have settled, or were close to settling, or even that they had an agreement in principle, contingent on certain events, has never been held to be grounds for setting aside a judgment rendered after a trial on the merits. The court in fact considered a motion by the defendant, filed on the eve of trial, begging the court to *order* the parties to finalize a settlement by the parties, or to extend time so that the parties could finalize a settlement. The court denied that requested relief. It did so then because, although the parties had indeed signed off on a settlement agreement (after mediation), the settlement was contingent on obtaining the approval of the chapter 7 trustee, and further contingent on the approval of this court.

The plaintiff faced a difficulty with that settlement, one that it candidly expressed at pre-trial conferences in both December 2005 and January 2006 – the plaintiff had not only sued for a determination of nondischargeability of the debt it claimed was owed by the debtor but also for

6

denial of the debtor's general discharge. In such a posture, the plaintiff was unable, as a term of settlement, to agree to "drop" its objection to discharge as part of a monetary settlement of the dischargeability action.[2] The parties sought delay of the trial for a number of months to see if there might be a way around this conundrum, but were unable to find a solution. In the meantime, the trial date loomed. When the trial date arrived, the plaintiff properly prepared for and proceeded to trial. It was not error for the plaintiff to proceed to trial, nor was it error for the court to proceed. No legally cognizable grounds for new trial are presented by reference to a "could have been" settlement.

## Conclusion

For the reasons stated, the motion for new trial (entitled "judgment notwithstanding the court's verdict") is denied. A form of order consistent with this decision will be entered separately.

# # #

---

[2] Tying the two could potentially implicate a criminal statute, to the discomfort of all parties to the settlement. *See* 18 U.S.C. § 152.